UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

**JOE DEE STANG**,                                          Case No. 3:15-cv-02318-KI

                        Plaintiff,        OPINION AND ORDER ON
                                                           MOTION TO DISMISS

      v.

**UNITED STATES OF AMERICA, RYAN
HUNT,** DMD F.C.I. Sheridan, **MR.
KELSCH,** DMD F.C.I. Sheridan, **E.
BESMARTEAU,** Contract E.F.D.A., F.C.I.
Sheridan, **MR. STAR,** RDH F.C.I. Sheridan,
**C. LARDION,** RDH F.C.I. Sheridan,

                 Defendants.


      Joe Dee Stang
      F.C.I. Sheridan
      P.O. Box 5000
      Sheridan, OR 97378

            *Pro se* Plaintiff

Billy J. Williams
United States Attorney
District of Oregon
Jared D. Hager
Assistant United States Attorney
1000 SW Third Ave., Ste. 600
Portland, OR 97204-2902

      Attorneys for Defendants

KING, Judge:

*Pro se* plaintiff Joe Dee Stang brings a civil rights complaint against the United States and various dental staff at F.C.I. Sheridan, where he has been incarcerated. Pending before me is a Motion to Dismiss filed by defendants United States of America, Ryan Hunt, Mr. Kelsch, and C. Laridon[1] (ECF No. 22) (hereinafter referred to as the "Federal defendants")[2] as well as plaintiff's Motion to Compel (ECF No. 29) in which plaintiff asks for time to serve some of the defendants. For the following reasons, I grant the defendants' motion, but allow plaintiff time to amend his Complaint. I also provide instructions on serving the remaining unserved defendants.

## ALLEGED FACTS

Plaintiff alleges two claims: an Eighth Amendment claim for cruel and unusual punishment based on delayed dental treatment, and a Federal Tort Claims Act claim alleging negligence in his dental treatment.

---

[1]Plaintiff misspelled defendant Laridon's name as Lardion in his Complaint. I refer to her as Laridon.

[2]The Federal defendants have not filed an appearance on behalf of defendant "E. Besmarteau," who plaintiff also refers to as "E. Desmarteau" in the body of his Complaint. The defendant has been properly served, but has not answered the Complaint. Additionally, the Federal defendants have not filed an appearance on behalf of Mr. Star, who has not been properly served.

Plaintiff alleges BOP dental staff told him at his initial dental screening on March 12, 2012 that he needed a night guard due to his teeth grinding.  Plaintiff requested a night guard on several occasions.

Attached to his Complaint are several staff responses to his requests for dental care.

On July 2, 2013, Laridon informed him that he had been on the care list as of March 12, 2012, that they were working on early 2010 now, that his name would be placed on call out when his name came up, and that he should go to dental sick call if a tooth bothered him.  Ex. 1, at 1.[3]

On September 9, 2013, he was told that he was on the "routine care list" and to attend sick call if he had dental issues.  Ex. 1, at 2.  The writer's name is unintelligible.

On November 6, 2013, he was told that he should attend sick call on Tuesdays or Fridays. Ex. 1, at 3.  The same person told plaintiff on February 19, 2014, that he was on the waiting list as of March 12, 2012.  Ex. 1, at 6.  The writer's name is unintelligible.

On June 4, 2014, Hunt informed him to come to dental sick call "to be evaluated if a mouth guard is medically necessary."  Ex. 1, at 4.  Hunt examined and treated plaintiff on June 9, 2014.  He examined tooth #3, found it to be fractured, applied provisional restorative material to the tooth, and informed plaintiff "that he can return to have the other teeth repaired and after the other teeth are repaired he can come to dental sick call for the fabrication of a night guard to prevent more teeth from fracturing."  Ex. 2, at 2.

_____

[3] Although plaintiff did not number the pages constituting Exhibit 1, I refer to them in the order in which they appear on the docket as pages 1-15.

Hunt responded to plaintiff on August 22, 2014, explaining that plaintiff would not obtain a permanent filling until his name came up on the National Routine Care Waiting List. Until then, plaintiff could obtain temporary restorations at sick call. Ex. 1, at 5.

E. Desmarteau responded to plaintiff's inquiry about routine care on November 18, 2014, explaining that plaintiff was on the waiting list. Ex. 1, at 7. Desmarteau provided the identical response on November 19, 2014. Ex. 1, at 8.

On February 25, 2015, Hunt responded to plaintiff's concern that "I grind my teeth . . .yet your department will not give me a mouthguard because you say you can't give me one untill [sic] I have permanent fillings" by directing him to dental sick call. Ex. 1, at 9.

Desmarteau informed plaintiff on April 3, 2015 that his name was on a waiting list. Ex. 1, at 10. Desmarteau sent the same message to plaintiff on April 24, 2015. Ex. 1, at 11.

On April 30, 2015, plaintiff was told he could obtain a temporary night guard through dental sick call. Ex. 1, at 13.

Plaintiff received a night guard on June 9, 2015. Compl. ¶ 25.

In July 2015, plaintiff complained that he had been waiting for years to have his teeth fixed and that they are now "ground down to nothing[.]" Ex. 1, at 14. On July 24, 2015, Desmarteau responded, "Your dental issues will be addressed." Desmarteau responded to plaintiff in a similar fashion on September 23, 2015.

Plaintiff alleges "continued pain due to exposed nerves from fractured teeth" and that no attempt has been made to repair the damage caused by plaintiff grinding his teeth. Compl. ¶ 26.

Page 4 - OPINION AND ORDER ON MOTION TO DISMISS

## LEGAL STANDARDS

Although a plaintiff need not allege detailed facts, a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) will be granted if the pleading fails to provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim rises above the speculative level "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The Court is required to "assume the veracity" of all well-pleaded factual allegations. *Id.* at 678. Thus, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 929 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 663). A complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

*Pro se* complaints are construed liberally and may only be dismissed "'for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Engebretson v. Mahoney*, 724 F.3d 1034, 1037 (9th Cir. 2013) (quoting *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011)). The court should allow a *pro se* plaintiff to amend the complaint unless it would be impossible to cure the deficiencies of the complaint by amendment. *Johnson v. Lucent Tech. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011).

A complaint is subject to dismissal for insufficient service of process.  Fed. R. Civ. P. 12(b)(5).  A party has 120 after filing a complaint to serve all defendants.  Fed. R. Civ. P. 4(m). Absent good cause for failure to serve a defendant within 120 days, the court may either dismiss the action or order service within a specified time.  *Id.*

## DISCUSSION

I.    Eighth Amendment *Bivens* Claim

Plaintiff alleges a *Bivens* claim against the individual federal defendants.  *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971) (plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights).  A *Bivens* action and actions under 42 U.S.C. § 1983 are "identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*."  *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).  "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.

The treatment a prisoner receives in prison and the conditions of his confinement are subject to scrutiny under the Eighth Amendment.  *Helling v. McKinney*, 509 U.S. 25, 31 (1993). As the Supreme Court has explained,

> The [Eighth] Amendment also imposes duties on these officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates[.]

*Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal citations and quotations omitted). A prison official violates a prisoner's Eighth Amendment rights only when the claim satisfies both an objective and subjective inquiry. *Lopez v. Smith*, 203 F.3d 1122, 1132-33 (9th Cir. 2000).

To meet the objective element, in the context of a claim for failure to provide medical care, plaintiff must establish a "serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A serious medical need is the kind of injury that "a reasonable doctor or patient would find important and worthy of comment or treatment; . . . that significantly affects an individual's daily activities; or [causes] chronic and substantial pain." *Lopez*, 203 F.3d at 1131 (citation omitted). The subjective inquiry requires a showing that corrections officers acted with deliberate indifference to plaintiff's serious medical needs. *Id.* at 1132. "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety . . . ." *Farmer*, 511 U.S. at 837.

At this pleading stage, I find plaintiff's allegations are sufficient to establish a serious medical need. *See* Compl. 28(iii) (plaintiff alleges a more than three-year delay in treating his dental needs, causing "continuous pain and discomfort that could have been avoided by issuing prompt dental care, and could have been mitigated by promptly issuing Plaintiff a night guard to prevent further erosion and fracturing of his teeth"); *Hunt v. Dental Dep't*, 865 F.2d 198, 200-01 (9th Cir. 1989) (triable issue of fact when inmate went eight months without dentures, resulting in severe pain, permanent teeth damage, and discomfort eating food).

The Federal defendants contend plaintiff has not alleged sufficient facts directed at the personal involvement or deliberate indifference of defendants Hunt, Kelsch, and Laridon.

Page 7 - OPINION AND ORDER ON MOTION TO DISMISS

Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014).  Plaintiff alleges that Kelsch, Laridon, Desmarteau and Star are members of the dental staff at F.C.I. Sheridan and are responsible for evaluating and treating the dental needs of the inmates.  Compl. ¶¶ 7 (Kelsch), 10 (Laridon), 8 (Desmarteau), and 9 (Star).[4]  Plaintiff does not allege specific facts as to how Kelsch, Laridon, Desmarteau or Star were deliberately indifferent to plaintiff's dental needs. Allegations applicable to a collective group of defendants are insufficient.  *Iqbal*, 556 U.S. at 676.

Presumably Kelsch and Star are responsible for one or more of the responses to plaintiff's requests for dental care, but it is not apparent which of the responses attached to plaintiff's Complaint are theirs.[5]  Laridon responded to plaintiff on only one occasion, telling plaintiff on July 2, 2013 that his name was on a waiting list and that he should come to dental sick call if he was having problems with his teeth.  Ex. 1, at 1.  There are six communications from Desmarteau (dated 11/18/2014, 11/19/2014, 4/3/2015, 4/24/2015, 7/24/2015, and 9/23/2015).  Notably, in none of his communications to any of these defendants does plaintiff complain of pain, inability to eat, bleeding gums, or any other side effects of the failure to obtain a mouth guard or the dental care he requested.  In other words, plaintiff has not alleged that the individual defendants

---

[4]Although the Federal defendants do not represent Desmarteau or Star, the pleading flaw applies to them as well.  I have discretion to review the sufficiency of the claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

[5] I may consider allegations contained in the pleadings, as well as exhibits attached to the complaint, in reviewing a motion to dismiss.  *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 n.3 (9th Cir. 2015).

knew of and disregarded an excessive risk to plaintiff's dental health. *See Toguchi v. Chung*, 391

F.3d 1051, 1057-58 (9th Cir. 2004) (prison official is deliberately indifferent if knows of and

disregards an excessive risk to inmate's health).

Finally, plaintiff alleges Hunt examined and treated plaintiff on June 9, 2014 and that

Hunt told plaintiff he could return to have other teeth repaired.  Plaintiff attached

communications from Hunt dated June 4, 2014 (plaintiff saw Hunt five days later), August 22,

2014 (explaining to plaintiff that he needed to use sick call until his name came up on the

National Routine Care Waiting List), and February 25, 2015 (informing plaintiff to come to sick

call for a night guard).  In this last communication, plaintiff did alert Hunt that he was having

"headaches, jaw hurts, and ear aches" due to grinding his teeth.  Ex. 1, at 9.  Hunt responded by

inviting plaintiff to come to sick call to be evaluated for a mouth guard.  These allegations alone

are simply insufficient to demonstrate Hunt was deliberately indifferent to plaintiff's dental

needs.

Accordingly, all of the individual defendants are dismissed without prejudice.  Plaintiff

may submit an amended complaint curing his pleading deficiencies.  In the amended complaint

(which he should designate "First Amended Complaint"), plaintiff must write short, plain

statements explaining:  (1) the name of each individual defendant who violated his Eighth

Amendment right; (2) exactly what that defendant did or failed to do; (3) how the action or

inaction of that defendant is connected to the violation of plaintiff's Eighth Amendment right;

and (4) the injury plaintiff suffered because of that defendant's conduct.  Plaintiff must repeat

this process for each named individual defendant.

Any amended complaint supersedes an original complaint; accordingly, any cause of action not raised in the amended complaint will be deemed waived.

II.    <u>Service of United States, Hunt, and Star</u>

As the Federal defendants note, plaintiff has not properly served the United States, pursuant to Federal Rule of Civil Procedure 4(i)(1) (requiring service on the Attorney General of the United States at Washington, D.C.), or Hunt, pursuant to Federal Rule of Civil Procedure 4(i)(3) and 4(e).  Plaintiff also has not served Star.  However, plaintiff is subject to the "good cause" exception to timely service under Federal Rule of Civil Procedure 4(m).  The Court will advise plaintiff as to service of process after any First Amended Complaint is filed.

## CONCLUSION

For the foregoing reasons, I grant defendants' Motion to Dismiss (22) and grant plaintiff's Motion to Compel (29).  Plaintiff has leave to amend his Complaint.  If plaintiff fails to amend the Complaint within 60 days from the date of this order, I will dismiss the action for failure to state a claim.  The Court will advise plaintiff as to service of process after any First Amended Complaint is filed.


IT IS SO ORDERED.

DATED this  21st  day of December, 2016.


_____/s/ Garr M. King_____
Garr M. King
United States District Judge


Page 10 - OPINION AND ORDER ON MOTION TO DISMISS