UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

**JOE DEE STANG**,　　　　　　　　　　　　Case No. 3:15-cv-02318-KI

　　　　　　　Plaintiff,　　　　　　　　　OPINION AND ORDER

　　v.

**UNITED STATES OF AMERICA, RYAN HUNT,** DMD F.C.I. Sheridan, **MR. KELSCH,** DMD F.C.I. Sheridan,

　　　　　　　Defendants.

　　Joe Dee Stang
　　F.C.I. Sheridan
　　P.O. Box 5000
　　Sheridan, OR 97378

　　　　*Pro se* Plaintiff

　　Billy J. Williams
　　United States Attorney
　　District of Oregon

Page 1 - OPINION AND ORDER

Jared D. Hager
Assistant United States Attorney
1000 SW Third Ave., Ste. 600
Portland, OR 97204-2902

    Attorneys for Defendants

KING, Judge:

*Pro se* plaintiff Joe Dee Stang brings a civil rights complaint against the United States and two dental staff at F.C.I. Sheridan. Stang filed an Amended Complaint after I ordered dismissal of his initial Complaint. Pending before me is a Partial Motion to Dismiss First Amended Complaint for Failure to State a Claim filed on behalf of defendants Ryan Hunt and Mr. Kelsch, as well as plaintiff's Motion for Appointment of Counsel. For the following reasons, I deny the motion to dismiss, deny the motion for appointment of counsel, and issue an order directing service of process.

I.    <u>Motion to Dismiss Hunt and Kelsch</u>

The United States moves to dismiss the individual officers. I previously instructed plaintiff that his allegations against the individual defendants did not demonstrate any of them were deliberately indifferent to his medical needs. Plaintiff filed an Amended Complaint. In that filing, plaintiff alleges the following as to Kelsch: Plaintiff told Kelsch on December 20, 2013, during sick call, that he was experiencing tooth sensitivity and a broken tooth due to grinding. Am. Compl. ¶ 11. Kelsch diagnosed plaintiff with bruxism, confirmed a broken filling, and told him that his sensitivity issues may persist. *Id.* The temporary filling Kelsch inserted fell out as a result of grinding. Am. Compl. ¶ 14. Kelsch told plaintiff later, on May 19, 2015, that if it had not been for the associate warden's assistance, plaintiff would not have received the night guard.

Page 2 - OPINION AND ORDER

Am. Compl. ¶ 26.  Kelsch also told plaintiff that Kelsch would not be allowed to work on plaintiff's teeth again.  *Id.*

Plaintiff alleges the following as to Hunt:  Hunt treated plaintiff at sick call on June 9, 2014.  Plaintiff told Hunt he had dental pain and needed a mouth guard to prevent damage.  Am. Compl. ¶ 12.  Hunt told Plaintiff he had "'Exposure of Dentin/Root Surface' due to sleep related bruxism."  *Id.*  Hunt identified a fractured tooth and two others responding to cold in a fashion similar to a broken tooth.  Hunt told Plaintiff he could "return to have the other teeth repaired and after the other teeth are repaired he can come to dental sick call for the fabrication of a night guard to prevent more teeth from fracturing."  Am. Compl. ¶ 15.

Plaintiff alleges generally that in the time between these visits and his having secured a night guard on June 9, 2015, his teeth fractured and eroded.  Am. Compl. ¶¶ 16, 25.  Plaintiff alleges that his teeth were damaged because Hunt and Kelsch "did not promptly issue a night guard after recogni[z]ing Plaintiff's medical need.  The inaction of Defendants caused Plaintiff to suffer permanent and lasting injury and pain during the wait for a dental night guard."  Am. Compl. ¶ 25.

Assuming the truth of plaintiff's factual allegations, plaintiff has stated a claim that is plausible on its face.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 678 (2009); *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989) ("Hunt alleged that prison officials were aware that the loss of his dentures was causing him severe pain and resulting in permanent damage to his teeth").  Plaintiff's new allegations that he told Kelsch in December 2013 and Hunt in June 2014 that he was in pain and needed a mouth guard, together with his allegations that neither provided him the mouth guard he needed and that

Page 3 - OPINION AND ORDER

this resulted in pain and injury, are sufficient to state a claim for deliberate indifference. *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1989) ("A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established.");[1] *see also Baptiste v. Dunn*, 448 F. App'x 680, 681-82 (9th Cir. Aug. 18, 2011) (unpublished) (remanding to district court to allow plaintiff to allege harm associated with delay in replacing his dentures).

II.      Order Denying Appointment of Counsel

Plaintiff moves for the appointment of *pro bono* counsel on the basis that he does not have the skill, training or experience to represent himself. Generally, a person has no constitutional right to counsel in a civil action. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *U.S. v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to 28 U.S.C. § 1915(e)(1), this court may request volunteer counsel for indigent plaintiffs upon a showing of exceptional circumstances. *Palmer*, 560 F.3d at 970; *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). In order to determine whether exceptional circumstances exist, this court evaluates the plaintiff's likelihood of success on the merits, as well as his ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970; *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Wood*, 900 F.2d at 1335.

---

[1] In my Opinion and Order granting the government's initial Motion to Dismiss, I discussed plaintiff's communications to Hunt that plaintiff attached to his Complaint. I reviewed plaintiff's communications to Hunt and determined they did not demonstrate Hunt was deliberately indifferent to plaintiff's dental needs. Plaintiff has now alleged Hunt knew he was in pain and knew he needed a mouth guard when Hunt first treated plaintiff in June 2014.

Page 4 - OPINION AND ORDER

At this stage of the proceeding, plaintiff has demonstrated a sufficient ability to articulate his claims in light of the complexity of the case. The difficulties of which plaintiff complains are experienced by all *pro se* plaintiffs. Consequently, I conclude there are no exceptional circumstances warranting the appointment of counsel under § 1915(e). As a result, I deny Plaintiff's Motion for Appointment of Counsel.

III.     Order to Issue Process

The Clerk of the Court is directed to forward to Plaintiff with this Order two Summonses and U.S. Marshal Instruction forms. Plaintiff shall complete the Summonses and instruction form for the two remaining unserved defendants–the United States at the Attorney General's Office in Washington D.C. and Ryan Hunt–and return them to the Clerk of the Court. An original plus one copy of a Summons must be returned for each named Defendant. Plaintiff is ADVISED that he must check the box on Form USM-285 which reads "Check for service on U.S.A." Because this suit is brought against Ryan Hunt in his individual capacity, plaintiff must insert the following in the "SPECIAL INSTRUCTIONS" section of Form USM-285 for that defendant: "This defendant is sued in his individual capacity, therefore personal service is required."

Upon receipt of the completed Summonses and instruction forms by the Court, IT IS ORDERED that the Clerk shall issue process as to Defendants United States of America and Ryan Hunt. Service of the Summonses and Amended Complaint shall be made by the U.S. Marshal's Service. The U.S. Marshal's Service is DIRECTED to serve copies of the Summons

and Amended Complaint on (1) the U.S. Attorney General in Washington, D.C.;[2] and (2) Ryan Hunt. *See* Fed. R. Civ. P. 4(e) & (i)(3).

## CONCLUSION

Based on the foregoing, I deny the Partial Motion to Dismiss First Amended Complaint for Failure to State a Claim (33). Plaintiff's Motion for Appointment of Counsel (32) is denied. The Clerk of the Court is DIRECTED to forward to Plaintiff with this Order two Summonses and U.S. Marshal Instruction forms as set forth above.

IT IS SO ORDERED.

DATED this 13th day of February, 2017.

/s/ Garr M. King
Garr M. King
United States District Judge

---

[2] A copy of the complaint was previously mailed to the U. S. Attorney's Office.